United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AMARIO LYNN MCPHERSON, § <br> § <br> Petitioner, § <br> VS. § <br> § <br> TEXAS BOARD OF PARDONS & § <br> PAROLES, § <br> § <br> Respondent. § | CIVIL ACTION NO. 2:20-CV-00186 |

## MEMORANDUM AND RECOMMENDATION

Petitioner Amario Lynn McPherson is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On July 13, 2020, McPherson filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process rights by keeping him in custody. (D.E. 1, 2). McPherson contends that his life sentence ceased to operate after 30 years of combined calendar time and good-time credit. For the reasons discussed further below, it is recommended that McPherson's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached memorandum that McPherson is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

I.  **DISCUSSION**

In his petition and attached memorandum of law, McPherson contends that, liberally construed, he is entitled to release under the Texas parole laws and, therefore, he is not being held pursuant to a state judgment. (D.E. 1 at 6; D.E. 2 at 1-5). Although his argument is somewhat hard to follow, he focuses on the following points of Texas law. McPherson contends that the one-half rule in the Texas parole laws[2] rendered his 1998 life sentence for murder into a 30-year sentence of imprisonment. (D.E. 2 at 1-2). McPherson contends that his combined calendar time served and earned good-time credits now exceed 30 years and that his sentence of imprisonment on the murder charge has ceased to operate. (*Id.* at 2-5). Finally, McPherson argues that, since the time that his murder sentence ceased to operate, his consecutive three-year sentence for assault on a public servant has been completed. (*Id.* at 3, 5).

McPherson's argument is founded on incorrect assumptions about the Texas parole laws. First, McPherson centers his argument on the presumption that, because of the Texas parole statutes, his life sentence necessarily ceased to operate after 30 years. However, Texas offenders are not entitled to parole, and the parole statutes do not operate the way McPherson contends. States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected

---

[2] Tex. Gov't Code § 508.145(d)(2).

by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because McPherson had no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, the statutes at issue could not have automatically transformed his life sentence into a 30-year sentence. *See Greenholtz*, 442 U.S. at 7. Moreover, the express language of the one-half rule states that the 30-year time period should be calculated "without consideration of good conduct time," which contradicts McPherson's claim that the proper calculation requires combining flat time and good time. Tex. Gov't Code § 508.145(d).

Finally, to the extent that McPherson argues that his life sentence ceased to operate when he became eligible for parole because he has consecutive sentences, that is incorrect. Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence." Tex. Gov't Code § 508.150(b)(2). However, Texas courts have interpreted this language to mean that the sentence ceases to operate when the inmate actually makes parole, not merely when he becomes eligible. *Byrd v. State*, 499 S.W. 3d 443, 447-48 (Tex. Crim. App. 2016). Thus, for the life sentence to cease to operate and the three-year consecutive sentence to begin to run, a parole panel would have to find that McPherson should be released on parole for the murder conviction, at which point his consecutive sentence would begin.

In short, McPherson has no constitutional right to be released before the end of his life sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2241(c)(3).

## II. RECOMMENDATION

Accordingly, it is recommended that McPherson's § 2241 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached memorandum that McPherson is not entitled to relief.

Respectfully submitted this 5th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).