Case 2:20-cv-00186   Document 19   Filed on 09/11/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AMARIO LYNN MCPHERSON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-186 |
| § | |
| TEXAS BOARD OF PARDONS & § | |
| PAROLES, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Petitioner Amario Lynn McPherson's Petition for Writ of Habeas Corpus (D.E. 1) for initial screening. On August 5, 2020, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 16), recommending that the petition be dismissed because it is plain from the petition and attached memorandum that McPherson is not entitled to relief. Petitioner timely filed his objections (D.E. 17) on August 17, 2020.

Petitioner objects to the Magistrate Judge's rejection of his argument that he has served the entirety of two sentences and should be released immediately. He contends that the M&R fails to properly apply the "fine print" operation of law to the calculation of his eligibility for parole and treatment of his consecutive sentences.

In 1998, Petitioner began serving a life sentence for murder and a consecutive three-year sentence for assault on a public servant. D.E. 17, pp. 1-2. He claims that the

combination of parole eligibility and good time credits show that he has served all of the time required by law. His rationale is as follows:

- Pursuant to the legislature's intent and to avoid an absurd result, the parole eligibility law must be construed to provide that "calendar years" served includes good conduct time, not just flat time;
- His term of confinement is governed in part by Texas Government Code § 508.150, which mandates that his judgment and sentence on the murder conviction ceased to operate when he was statutorily eligible for parole;
- His flat time and good conduct time, added together, indicate that he became eligible for parole on the murder conviction more than three years ago;
- Since his eligibility for parole on his murder conviction, he has served three years of additional flat time, thus serving his assault conviction in full;
- Therefore, he is entitled to immediate release.

Petitioner is mistaken.

The argument that good conduct time is included in "calendar years" when computing parole eligibility is directly contradicted by the statute on which he relies for the one-half rule:

> An inmate described by Subdivision (1) is not eligible for release on parole until the inmate's actual calendar time served, *without consideration of good conduct time*, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

Tex. Gov't Code § 508.145(d)(2) (emphasis added).

In addition, the murder sentence does not automatically cease on the date of parole eligibility. It is well-settled that the sentence does not cease under parole eligibility rules unless and until the parole board determines that the prisoner should or would have been

2 / 3

released on parole, absent the commencement of the consecutive sentence. *Byrd v. State*, 499 S.W.3d 443, 448 (Tex. Crim. App. 2016).

The M&R fully explained these principles, consistent with the operation of law. Petitioner's objections are OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the petition for writ of habeas corpus is **DISMISSED**.

ORDERED this 11th day of September, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE